JOSEPH SCHILIZZI ET AL., PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK AND JOSEPH MARRONE.

Argued November 7, 1913—Decided February 24, 1914.

The act of March 27th, 1902 (1 *Comp. Stat.*, *p.* 762), concerning the collection, removal and disposal of garbage in any city, and providing for the payment of the cost thereof is not, either expressly or by implication, repealed by the act of April 10th, 1902 (*Pamph. L.*, *p.* 703), relating to the appropriation of moneys for the expenses of various boards and commissioners in cities of the first class.

On *certiorari.*

Before Justices SWAYZE and BERGEN.

For the prosecutors, *Fort & Fort.*

For the defendants, *Herbert Boggs* and *Frank E. Bradner.*

The opinion of the court was delivered by

BERGEN, J. The writ of *certiorari* was allowed in this case to review a certain contract for the collection and removal of garbage made by the city of Newark with Joseph Marrone, dated December 24th, 1912, together with the resolution authorizing the same. The resolution complained of was adopted by the board of street and water commissioners. The city claims that the contract is authorized by an act passed in 1902 (1 *Comp. Stat., p.* 762, § 638), entitled "An act concerning the collection, removal and disposal of ashes and garbage in cities of this state, and providing for the payment of the cost thereof."

This act authorizes the making of a contract on behalf of the city by any governing body having charge of the streets thereof, for a term not exceeding five years, for the removal and disposal of garbage, and it is made the duty of the common council, board of aldermen or other governing body of such city, during the continuation of such contract, to annually raise by taxation the sum needed to defray the expenses of such collection and removal of garbage for the fiscal year then next ensuing. If this were the only statute to be considered the prosecutors would clearly have no standing, because it is not claimed that there was any irregularity in the awarding of the contract. But the prosecutor claims that although the act just referred to was approved on the 27th day of March, 1902, the same legislature on the 10th day of April, 1902 (*Pamph. L., p.* 703), enacted a statute which by implication repeals that of March 27th. This act is entitled "An act relating to the appropriation of moneys for the expenses of the various boards, bodies, commissions and departments of cities of the first class, and limiting the amount of moneys to be raised by taxation in such cities for city purposes," and requires every board of cities of the first class, and of boards of education in districts in such cities which,

by law or ordinance are charged with the expenditure of city moneys, to annually, by the first of May in each year, estimate in detail the expenses of such board for the current year, such detailed estimate to include the expenses of every branch and department of the city affairs controlled by the board making the estimate, except expenses relating to the water supply, and that the common council or body having charge of the finances of the city shall provide for the expenses of the several boards for the current year by appropriating to them respectively such sums of money as in the judgment of such common council shall seem wise and proper, and to provide for the payment of the several appropriations by tax or otherwise.

The second section provides that all acts providing for the raising, in the tax ordinance of such cities for the use of any department, of a fixed percentage upon the valuation of the assessed property, and all acts requiring not less than a fixed sum to be raised for the use of any department are repealed, "it being the intention of this act to vest in the common council or other body having charge and control of the finances of cities of the first class, full, complete and exclusive power, control and discretion in all matters relating to the raising by taxation of moneys for city purposes, except as herein otherwise provided, and full, complete and exclusive power, control and discretion in all matters relating to the appropriation of all municipal moneys and funds, whether raised by taxation or accruing to such cities from any other source whatsoever, except moneys received for water supplied." The third section fixes the limit of the percentage of taxation. Section 4 repeals all inconsistent acts with certain exceptions not important in this controversy.

The argument of the prosecutor is that there is no power in the board of street and water commissioners to make a contract under the Garbage act for the term of three years, because such a contract, if good, would fix the liability of the city to that extent, and although this is permitted by the act approved March 27th, 1902, the act of April 10th repeals as inconsistent therewith so much of the act of March 27th

as requires the governing body to raise, during the continuance of such contract, annually by taxation the contract price, because, as it is argued, the subsequent act strips all city boards of power to contract in any way which binds the city to raise funds, unless the funds necessary to carry out the contract are previously appropriated to the board making the contract.

It is quite apparent by reference to the title of the act of 1902, of April 10th (*Pamph. L., p.* 703), that the legislature did not consider that it was repealing previous legislation approved only a few days earlier, for the title of the act makes no reference to any repealer, and the first act applies to all cities, while the second is limited to cities of the first class. We are of opinion that the two acts are not inconsistent, and therefore the first was not within the inconsistent acts repealed. The earlier act was expressly confined to the removal of garbage authorizing contracts to be made for that purpose and directing the common council to raise the money necessary to pay the contract price, while the second act requires each department to furnish to the taxing branch an estimate of the expenses of each department and then declares that the body having charge of the finances of the city shall provide for the expenses of the several bodies by appropriating such sums of money as they shall deem proper and wise and to provide for the payment of such appropriations. We think that the latter act relates to such of the expenses of the several bodies, the limit of which is not controlled by positive legislation, and that the legislature did not intend to repeal acts like the Garbage act where the municipal body is authorized to make contracts for the benefit of the city, under proper regulations as to bidding and publicity of the intention to contract with the lowest bidder. To hold otherwise would involve cities of the first class in business chaos to the great detriment of the public, and ought not to be done unless the repeal is clearly manifested by the legislature.

The proceedings assailed should be affirmed, and it is so ordered.